**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| HONOLULU DATA ENTRY PROJECT, LTD., DBA HDEP International, <br><br>       Plaintiff-counter-defendant-Appellee, <br><br> v. <br><br> D. BELLO ASSOCIATES, <br><br>       Defendant-counter-claimant-Appellant, <br><br> DOUGLAS W. BELLO; JEFFREY A. BATES, <br><br>       Defendants-Appellants. | No.   14-16940 <br><br> D.C. No. 1:12-cv-00467-BMK <br><br> MEMORANDUM* |
| HONOLULU DATA ENTRY PROJECT, LTD., DBA HDEP International, <br><br>       Plaintiff-counter-defendant-Appellant, <br><br> v. <br><br> D. BELLO ASSOCIATES, | No.   14-16964 <br><br> D.C. No. 1:12-cv-00467-BMK |

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant-counter-claimant-Appellee,

DOUGLAS W. BELLO; JEFFREY A. BATES,

Defendants-Appellees.

Appeal from the United States District Court
for the District of Hawaii
Barry M. Kurren, Magistrate Judge, Presiding

Argued and Submitted October 11, 2017
Honolulu, Hawaii

Before: SCHROEDER, D.W. NELSON, and McKEOWN, Circuit Judges.

This appeal and cross-appeal stem from the acrimonious break up of a business relationship that began with a handshake in 1991. After a lengthy trial, the patient District Court sorted through the various claims and counter-claims and issued amended findings of fact and conclusions of law in 2014. Central to the dispute were three agreements: the original "Oral Agreement," a 2012 "Commission Agreement," and a "Partial Settlement Agreement" also executed in 2012. The District Court, inter alia, awarded D. Bello Associates ("DBA") lost revenues of approximately $1,217,000 for breach of the Commission Agreement by Honolulu Data Entry Project, Ltd. ("HDEP"). This was the result of HDEP's failure to live up to a continuing obligation to pay DBA commissions after

2

termination of the Oral Agreement. The parties had agreed to divide their revenues in the 2012 Commission Agreement. The revenues were received for performing services on joint customer contracts, and the Commission Agreement allocated approximately 85% of the revenues to HDEP and 15% of the revenues to DBA. The District Court further held that DBA breached the non-competition provision of the Partial Settlement Agreement and that HDEP was entitled to 85% of the revenues DBA was continuing to receive from North Dakota Guaranty & Title Company ("NDGT"). The District Court denied HDEP's defamation and unfair competition claims. The court also held that each party should bear its own costs, and denied HDEP's motion for attorney's fees. We affirm in all respects.

DBA challenges both the District Court's determination that it breached the Partial Settlement Agreement, and the 85% revenue award to HDEP as damages for the breach. During litigation, a dispute had arisen over acquiring business from existing customers, and the parties executed the Partial Settlement Agreement, permitting them to pursue "[n]ew [b]usiness . . . without having to account to the other." "New business" was defined as "[s]ervices first performed for any of the [c]ustomers in a new [c]ounty." Although there had been a recent joint contract with NDGT, after executing the Partial Settlement Agreement, DBA entered a new contract with NDGT to perform policy work in North Dakota. Because HDEP had

3

not yet performed the policy work under the parties' original joint contract for NDGT, DBA asserts that the policy work was new business. We must interpret the Partial Settlement Agreement according to its plain terms and as a whole. *See Cho Mark Oriental Food, Ltd. v. K & K Int'l*, 836 P.2d 1057, 1064 (Haw. 1992) (citation omitted). That agreement defined new business to be business in a new county. The NDGT policy work was therefore not new business because it was performed in North Dakota, not in a new county. The District Court thus did not err in determining that DBA breached the Partial Settlement Agreement.

Further, the District Court did not abuse its discretion in awarding revenues to HDEP, in accordance with the parties' revenue division agreement, for DBA's breach of the Partial Settlement Agreement. The revenue division was also the basis for the award of damages to DBA for HDEP's breach of the Commission Agreement. Although DBA now contends HDEP's damages should have been based on actual lost profits, not the revenue agreement, DBA waited until its motion to amend to argue that the award could not be based on revenues. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) ("A district court does not abuse its discretion when it disregards legal arguments made for the first time on a motion to amend[.]") (citation omitted). Since the District Court's award was based on the parties' own agreed upon division governing receipt of

4

revenue, and DBA continues to view such division as an appropriate basis of the award to DBA for HDEP's breach of the Commission Agreement, we conclude there is no basis for reversal of the award to HDEP for breach of the Partial Settlement Agreement.

In its cross-appeal, HDEP disputes the District Court's award of commissions to DBA. Through the Commission Agreement, DBA received commission payments from HDEP for DBA's sales and marketing efforts, as well as for some ongoing work DBA performed on joint customer contracts. The Commission Agreement required HDEP to "continue to pay [DBA] commissions for the duration of [the joint customer] contracts." The District Court therefore awarded commissions to DBA for the written joint customer contracts to which DBA was a named party until those contracts expired or were terminated, and for the oral contracts that HDEP converted into written contracts until the date those written contracts were executed. This "most reasonably reflect[ed] the intent of the parties" in this case. *Univ. of Haw. Prof'l Assembly ex rel. Daeufer v. Univ. of Haw.*, 659 P.2d 720, 724 (Haw. 1983) (citation omitted). HDEP could not, by ending its Oral Agreement with DBA, terminate DBA's contractual obligation to provide the joint customers services in exchange for payment. Moreover, to the extent that DBA failed to perform obligations under the joint customer contracts, it

5

was prevented from doing so by HDEP's exclusion of DBA from ongoing business related to the contracts. Thus, the District Court did not err in holding that the Commission Agreement required HDEP to continue paying DBA commissions from the joint customer contracts.

HDEP also cross-appeals the District Court's denial of its defamation claim. To sustain a defamation claim, a plaintiff must show, inter alia, "a false and defamatory statement concerning another[.]" *Gold v. Harrison*, 962 P.2d 353, 359 (Haw. 1998) (citation omitted). To determine whether statements are false and defamatory, Hawaii courts apply a three-part test that includes a requirement that, to be a defamatory statement rather than an opinion, the statement in question must be susceptible of being proved true or false. *Id.* at 360 (citation omitted).

DBA's statement that HDEP "began an aggressive and surprising push to seize control of The Title Team partnership and joint business" is not susceptible of being proved true or false, because whether conduct is aggressive or surprising depends upon an individual's subjective opinion. *Cf. Unelko Corp. v. Rooney*, 912 F.2d 1049, 1054–55 (9th Cir. 1990) (holding the statement that a product "didn't work" was capable of being proved true or false and was thus sufficiently factual to be defamatory). The same principle applies to the statement that HDEP's errors in reported data "greatly" concerned DBA. Moreover, the statement regarding errors

6

could not have been wholly false since both parties admit that there were indeed errors in HDEP's reported data. The remaining allegedly false and defamatory statements were either statements of opinion or were entitled to qualified privilege as relating to common contractual business interests of the parties and the customers. *See Russell v. Am. Guild of Variety Artists*, 497 P.2d 40, 44 (Haw. 1972) (citations omitted).

Next, HDEP cross-appeals the District Court's denial of its unfair methods of competition claim in connection with DBA's breach of the Partial Settlement Agreement. The alleged unfair competition was the breach itself and did not involve conduct that was "independently unlawful, unfair, or fraudulent." *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1152 (9th Cir. 2008); *Kapunakea Partners v. Equilon Enters. LLC*, 679 F. Supp. 2d 1203, 1211 (D. Haw. 2009) (citation omitted).

Finally, DBA appeals the District Court's determination that neither party prevailed and that each should bear its own costs. The District Court did not err. Neither party prevailed because each party partially won and lost on each of the main issues. *See Food Pantry, Ltd. v. Waikiki Bus. Plaza, Inc.*, 575 P.2d 869, 879 (Haw. 1978) (identifying main issues raised in pleadings and proof of case and determining which party prevailed on each principal issue).

**AFFIRMED**.